**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FREDERICK BROWN,
Plaintiff-Appellant,

v.

JAMES R. METTS, Sheriff; CAPTAIN

WILLIAMS; MAJOR HARRIS; EMSA
CORRECTIONAL CARE; ARAMARK
CORRECTIONAL SERVICES,
Defendants-Appellees.

No. 00-6512

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-99-1040-3-10BC)

Submitted: August 15, 2000

Decided: September 5, 2000

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Frederick Brown, Appellant Pro Se. William Henry Davidson, II,
DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South
Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frederick Brown appeals from the district court's order granting summary judgment to Appellees on his action under 42 U.S.C.A. § 1983 (West Supp. 2000). Brown claims on appeal that he did not timely receive mail regarding his action because he was transferred to two federal prisons and received medical treatment during the time in which he was required to respond to the district court's orders. The district court's file shows that a change of address notification from Brown was docketed on September 16, 1999. In that letter, Brown informed the district court that he had been transferred from Lexington County Jail in Lexington, South Carolina, to the federal prison in Atlanta, Georgia. Brown informed the court that he did not know how long he would be at the Atlanta facility, but stated that he wanted to be sure his mail was forwarded. Although the record does not reveal the precise date, Brown was later transferred to the United States Medical Center (USMC) at Springfield, Missouri.

According to Brown, he did not receive the motion for summary judgment, the Roseboro* notice, the magistrate judge's report and recommendation, or the order granting summary judgment until after he arrived at USMC. The district court's file establishes that, after receipt of Brown's change of address, the next document sent to Brown by the court was nonetheless sent to the Lexington County Jail. Because the file does not indicate the address to which the subsequent notices and orders were sent, it appears that they were likewise sent to the Lexington County address. In addition, the Appellees' motion for summary judgment and supporting documents, filed after Brown notified the district court of his change of address, were sent to Brown at the Lexington County Jail, and the record does not reflect whether these documents were forwarded to Brown in Atlanta.

_____

*Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

2

Although Brown asserts that he notified the district court of his transfer to USMC, the record does not contain a change of address notification regarding the second transfer.

Because it appears from the record that Brown may not have received notice of the motion for summary judgment and other documents in a timely fashion, despite at least one notification that he had been transferred, we vacate the district court's grant of summary judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3